IN THE UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEWIS BRANT HORNE<br>    Plaintiff,<br><br>v.<br><br>LOANDEPOT.COM, LLC,<br>    Defendant. | NO. 3:17-cv-01479<br><br>JUDGE CAMPBELL |

## MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss and Supporting Memorandum of Law. (Doc. Nos. 5, 6). Plaintiff filed a response in opposition (Doc. No. 9), and Defendant has replied. (Doc. No. 10). For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED.**

### I.    FACTUAL PROCEDURAL BACKGROUND

Plaintiff, Lewis Horne, originally brought this action in Williamson County, Tennessee Chancery Court, seeking recovery of compensatory and punitive damages from the Defendant, loandepot.com, LLC. (Doc. No. 1-1). The Defendant removed the action to this Court under 28 U.S.C §§ 1331 and 1441(c) and 29 U.S.C. § 2601, *et seq.* (Doc. No. 1).

Plaintiff was a Recruiting Officer for Defendant when he was involved in a motor-vehicle accident in April 2015. (Doc. No. 1-1, ¶ 5). Plaintiff alleges he missed a substantial amount of work and took leave under the Family Medical Leave Act ("FMLA") as a result of his work related injuries. (*Id.* at ¶¶ 5, 8). The Complaint states Defendant refused to initiate a complete worker's compensation claim and threatened to terminate his employment during the FMLA leave. (*Id.* at ¶¶ 6, 9). On October 21, 2016, Defendant terminated the Plaintiff. (*Id.* at ¶ 1). Plaintiff sued

Defendant for wrongful termination, violation of the FMLA, common law retaliatory discharge, and intentional and negligent inflection of emotional distress. (*Id.*).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief. *Id*. at 1.

## III. ANALYSIS

*A. Wrongful Termination*

Defendant argues Plaintiff's wrongful termination should be dismissed because Plaintiff has not alleged facts to state a clear violation of some well-defined and established public policy. (Doc. No. 6 at 3). Plaintiff argues he had a statutory right to file a worker's compensation claim, and Defendant terminated Plaintiff for exercising his rights under Tennessee Worker's Compensation Law. (Doc. No. 9 at 4-5).

Employment-at-will "is a bedrock of Tennessee common law." *Franklin v. Swift Transp. Co.,* 210 S.W.3d 521, 527 (Tenn. App. 2006). Unless a contractual provision exists, courts presume that employment contracts are indefinite and terminable by a party for good, bad, or no cause at all. *McClaren v. Keystone Memphis, LLC*, 201 WL 56084 at *4 (W.D. Tenn. Jan. 5, 2010).

"However, the employment-at-will doctrine is subject to a small exception that allows a cause of action to lie against an employer who, in terminating an employee, violates a clear public policy of the State of Tennessee." *Id.*; *see also Bone v. CSX Intermodal, Inc.*, 2001 WL 1906279 at *4 (W.D. Tenn. Oct. 11, 2001). For instance, an employee who files a workers' compensation claim is protected by public policy, and therefore an employer cannot lawfully discharge the employee for filing a claim. *Yardley v. Hospital Housekeeping Systems, LLC*, 470 S.W.3d 800, 804 (Tenn. 2015). "An employee who believes that he has been fired for filing a workers' compensation claim may bring a claim for retaliatory discharge."[1] *Id.*

Defendant argues Plaintiff "has not even attempted to allege that he was terminated in violation of public policy." (Doc. No. 6 at 4). Defendant argues Plaintiff does not cite a statutory requirement in the Complaint to support an action for wrongful termination. In response, Plaintiff argues he had a statutory right to file a worker's compensation claim and Defendant violated public policy by terminating Plaintiff when he was exercising his rights. (Doc. No. 9 at 4). However, the Court must rely on facts alleged in the Complaint; not in the Plaintiff's brief.[2] *See Chapman v. Bank of America*, 2011 WL 3704148 at *1 (M.D. Tenn. Aug. 23, 2011).

Plaintiff's Complaint does not state which public policy the Defendant violated, nor does it allege facts to support such a violation. Instead, Plaintiff merely states Defendant terminated him

---

[1] Tennessee courts recognizes wrongful termination is synonymous with retaliatory discharge. *See Clanton v. Cain Sloan Co.*, 677 S.W.2d 441 (Tenn. 1984); *Fonseca v. Golden Living Center-Mountainview*, 2010 WL 3155984 at *8 (E.D. Tenn. Aug. 10, 2010).

[2] Plaintiff's Complaint and Response include numerous conclusory assertions that lack factual support, even if those assertions sound in employment law. At various points, Plaintiff asserts "harassment," being "defamed," "unconstitutional acts," violation of unidentified "unambiguous public rules and regulations," "discrimination," and "hostile work environment." The Complaint is void, however, of facts to support Plaintiff's liberal use of words and phrases that may state a claim. Without factual support, mere conclusions do not state cognizable claims. *See Iqbal*, cited *supra.*

from his position and this caused him harm. (Doc. No. 1-1, ¶¶ 11, 12). Accordingly, Count I for wrongful termination does not contain sufficient facts to state a claim for relief because Plaintiff does not state facts sufficient to support a public policy violation.

B. *Violation of Family Medical Leave Act*

Plaintiff alleges Defendant violated Plaintiff's "right to exercise the benefits and protections of the FMLA[3]" and "failed to make reasonable accommodations for the Plaintiff…" after he developed a disability. (*Id.* at ¶¶ 14, 15). District courts established two separate theories of recovery under the FMLA, the "interference" theory and the "retaliation" theory. *Gates v. U.S. Postal Service*, 502 Fed.Appx. 485, 488 (6th Cir. 2012); *Easter v. Asurion Ins. Services, Inc.*, 96 F.Supp.3d 789, 795 (M.D. Tenn. Mar. 6, 2015). For FMLA interference, an employee must show:

> 1) he was an eligible employee, (2) the defendant was an employer as defined under the FMLA, (3) he was entitled to leave under the FMLA, (4) he gave the employer notice of her intention to take leave, and (5) the employer denied the employee FMLA benefits to which she was entitled.

*Edgar v. JAC Products, Inc.*, 443 F.3d 501, 506 (6th Cir. 2006)). The FMLA specifically makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" an FMLA provision. 29 U.S.C. §2615(a)(1).

To state a claim for FMLA retaliation, an employee must show:

> 1) he was carrying out an activity protected by the FMLA, 2) his employer knew he was exercising his rights under the FMLA, 3) the employer took adverse action against the employee, and 4) a causal link between the protected activity and adverse action.

*Alexander v. Kellogg USA, Inc.*, 674 Fed.Appx. 496, 501 (6th Cir. 2017); *Moates v. Hamilton Cty.*, 976 F.Supp.2d 984, 994-95 (E.D. Tenn. Sept. 4, 2013).

---

[3] Codified at 29 U.S.C. § 2601 *et seq.*

The FMLA prohibits an employer from discriminating against an employee who has taken FMLA leave, and cannot use the taking of FMLA leave as a negative factor in employment actions. *Marshall v. The Rawlings Co. LLC*, 854 F.3d 368, 376-77 (6th Cir. 2017).

Plaintiff alleges only two facts to support facially Defendant's violation of the FMLA. (Doc. No. 1-1, ¶¶ 14, 15). Plaintiff states Defendant informed him he was being terminated, forcing him to return to work against doctor's orders. (*Id.*). Once returning to work, Defendant did not make accommodations to allow Plaintiff to perform his job functions. (*Id.*). Defendant argues Plaintiff's FMLA claim should be dismissed because Plaintiff does not articulate a prima facie case for FMLA interference. (Doc. No. 6 at 4). Defendant further argues Plaintiff's facts allege a claim under the Americans with Disabilities Amendments Act of 2008, which is not a count to the Complaint. (*Id.* at 5). Plaintiff attempts to argue a claim for FMLA retaliation and interference, in his Response, but the Court looks only to the facts set forth in the Complaint. (Doc. No. 9 at 6).

The Court finds the Complaint is void of facts sufficient to state a claim for FMLA interference or retaliation. First, under the interference theory, the Complaint does not allege how Defendant denied Plaintiff FMLA benefits. According to paragraph 9, Plaintiff was "still on **approved** FMLA leave" when Defendant threatened to terminate him. (Doc. No. 1-1, ¶ 9) (emphasis added). The Court concludes Defendant did not deny or interfere with Plaintiff's FMLA benefits, but instead allowed Plaintiff to take FMLA leave.

Turning to FMLA retaliation, the Complaint does not plead a causal connection between Plaintiff exercising his FMLA leave and his termination. At best, Plaintiff alleges a causal connection between workers' compensation rights and his termination. (*See Id.* at ¶¶ 5-7). As explained below that is not a cognizable claim. Plaintiff suffered a work-related injury in April

2015, and Defendant terminated him on October 21, 2016, a year and a half after his injury.[4] (*Id.* at ¶¶ 1, 5). Nowhere in the Complaint does Plaintiff plead when he exercised his FMLA leave, the length of his FMLA leave, or how his termination in October of 2016, connects to his protected activity of taking FMLA after the April 2015 accident. Under the FMLA, Defendant was not required to keep Plaintiff's position open after Plaintiff used his twelve weeks and could no longer perform the essential functions of his job. (*Id.* at ¶ 10); *see Mendel v. City of Gibraltar*, 607 Fed.Appx. 461, 465 (6th Cir. 2015). The exact allegations against Defendant for violating the FMLA remains unknown to the Court because Plaintiff does not plead any facts to create a causal connection.

In light of the foregoing analysis, this Court finds Plaintiff did not plead sufficient facts to state a claim for relief under the FMLA.

C. *Retaliatory Discharge*

Plaintiff alleges Defendant is liable for damages under the common law theory of retaliatory discharge. Specifically, the Plaintiff states Defendant decided to terminate Plaintiff because he "was unable to comply with the illegal requests made by Loan Depot." (Doc. No 1-1, ¶ 18). Defendant argues Count III of Plaintiff's Complaint is preempted by the Tennessee Public Protection Act and a common law claim for retaliatory discharge is no longer available to plaintiffs. (Doc. No. 6 at 6). Plaintiff does not respond to Defendant's argument regarding preemption, but

---

[4] Under the FMLA, an employee is eligible for only twelve total work weeks of leave during a 12-month period, due to a serious health condition. 29 U.S.C. §2612(a)(1)(D). "Once the 12–week period ends, however, employees who remain 'unable to perform an essential function of the position because of a physical or mental condition' ... [have] no right to restoration to another position under the FMLA." *Mendel v. City of Gibraltar*, 607 Fed.Appx. 461, 465 (6th Cir. 2015) (citing *Edgar v. JAC Products, Inc.*, 443 F.3d 501, 506 (6th Cir. 2006)).

6

instead argues a claim under the FMLA.[5] (Doc. No. 9 at 6). Plaintiff cites to T.C.A. § 8-50-116 in the Complaint to justify damages, but this statute is inapplicable.[6]

As previously stated, wrongful termination and retaliatory discharge are used interchangeably in Tennessee and the same elements apply. *Clanton v. Cain Sloan Co.*, 677 S.W.2d 441 (Tenn. 1984). "A claim for retaliatory discharge will lie 'where the employer has violated a clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision.'" *Davidson v. Golden Living Center-Mountainview*, 2010 WL 3155989 (E.D. Tenn. Aug. 10, 2010) (citing *England v. Fleetguard, Inc.*, 878 F. Supp. 1058, 1064 (M.D. Tenn. Mar. 6, 1995)).

As with Count I, the Complaint fails to state any public policy Defendant violated in terminating Plaintiff. Count III alleges Defendant terminated Plaintiff because of "his refusal to violate or submit himself to violations in the Department of clear and unambiguous public policy…", but the Complaint does not identify any statutory, regulatory authority or protected activity that goes against public policy. Furthermore, Plaintiff alleges he was unable to comply with the illegal requests made by the Defendant, but does not state any illegal actions allegedly committed by the Defendant.

---

[5] The Court notes the contradiction in Plaintiff's Count III for common law retaliatory discharge, and Plaintiff's Response that states a claim for FMLA interference and retaliation. Because the Court must only look to the facts in the Complaint, the Court will only apply the law for common law retaliatory discharge, not the FMLA.

[6] T.C.A. §8-50-116 is the Tennessee Whistle Blower Law, which offers immunity to state employees. Plaintiff does not allege in his Complaint that Defendant is a state agency or that he is a state employee.

Liberally construing the allegations of the Complaint, the Court finds Plaintiff does not state a claim for relief for common law retaliatory discharge because Plaintiff does not state a public policy violation.

D. *Intentional Inflection of Emotional Distress*

Plaintiff alleges he suffered severe emotional distress due to Defendant's intentional "extreme and outrageous conduct". (Doc. No. 1-1, ¶¶ 19-22). Under Tennessee law, to establish intentional inflection of emotional distress a plaintiff must show "… defendant's conduct was (1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury to the plaintiff." *Grace v. City of Ripley, Tennessee*, 2017 WL 835206 at *9 (W.D. Tenn. Mar. 2, 2017) (quoting *Odom v. Claiborne Cty., Tennessee,* 498 S.W.3d 882, 886 (Tenn. Ct. App. 2016)). When confronted with a claim for intentional inflection of emotional distress, a court must determine whether the defendant's conduct can reasonably be regarded as outrageous and extreme. *Clark v. Hoops, LP* 2008 WL 11320001 at *3 (W.D. Tenn. July, 1, 2008). The standard for outrageous conduct is high and only conduct that is "atrocious and utterly intolerable in a civilized community" can meet the burden for intentional inflection of emotional distress. *See Garreston v. City of Madison Heights*, 407 F.3d 789, 799 (6th Cir. 2005).[7]

In establishing mental injury to a plaintiff, the injury must be "so severe that no reasonable person would be expected to endure it." *Reagan v. City of Knoxville*, 692 F. Supp. 2d 891, 906 (E.D. Tenn. Feb. 10, 2010) (citing *Arnett v. Domino's Pizza I, LLC*, 124 S.W.3d 529, 540 (Tenn.

---

[7] *See also Levy v. Franks*, 159 S.W. 3d 66 (Tenn. App. 2005) (finding intentional inflection of emotional distress after defendant fired a gun twice in close proximity to plaintiff's wife); *Lourcey v. Estate of Scarlett*, 146 S.W.3d 48,52 (Tenn. 2004) (holding plaintiff stated a claim for intentional inflection of emotional distress after decedent captured plaintiff's attention then shot decedent's wife and himself in the head in front of the plaintiff); *Dunn v. Moto Photo, Inc.*, 828 S.W.2d 757 (Tenn. App. 1991) (finding defendant's employees conduct was outrageous after developing a half-naked photograph of plaintiff and showing it to his friends and plaintiff's coworkers).

App. 2003)). A plaintiff must demonstrate or show pertinent evidence that they have suffered significant impairment in their everyday life due to the outrageous conduct. *Giles v. Hometown Folks, LLC*, 61 F. Supp. 3d 749, 758-59 (E.D. Tenn. Oct. 14, 2014). Impairments to a plaintiff can include, but is not limited to, physiological or psychological manifestations, evidence of medical treatment, or a doctor diagnosing plaintiff with a medical or psychiatric disorder and prescribing medication. *Id*.

Plaintiff's Complaint states Defendant engaged in extreme and outrageous conduct by intentionally threatening to terminate Plaintiff's employment, pressuring him to return to full work duties, and refusing to take corrective actions following such conduct. (Doc. No. 1-1, ¶¶ 19-22). Plaintiff alleges that due to Defendant's actions he "became terrified and suffered severe and extreme mental and emotional distress the exact nature and extent of which are not presently known". (*Id.* at ¶ 22). Based on the allegations in the Complaint, the mere threat of termination cannot meet the standard for intentional inflection of emotional distress. *See Johnson v. BellSouth Telecomms., Inc.*, 2012 WL 899325 (E.D. Tenn. Mar. 14, 2012); *Underland-Williams v. GutterGuard, LLC*, 2011 WL 6148672 (M.D. Tenn. Dec. 9, 2011). Furthermore, Plaintiff has not alleged specific facts regarding mental injury required to prove intentional inflection of emotional distress.[8] In sum, Plaintiff failed to plead sufficient facts for intentional inflection of emotional distress.

---

[8] *See Barrett v. Whirlpool Corp.*, 704 F.Supp.2d 746, 757-58 (M.D. Tenn. 2010) (holding that even though Plaintiff asserted she was "constantly on edge", "stressed", and worried so much that she lost sleep, she sought out no medical care or counseling for her emotional distress and did not take any medication).

### E. *Negligent Infliction of Emotional Distress*

Plaintiff's final claim alleges negligent infliction of emotional distress due to Defendant's alleged failure to exercise care in preventing employees and managers from harassing, discriminating, and retaliating against Plaintiff. (Doc. No. 1-1, ¶ 25). Defendant argues the claim of negligent infliction of emotional distress is barred by the exclusive remedy found in the Tennessee Workers' Compensation Act. *See* T.C.A. §50-6-101, *et seq.*

T.C.A. §50-6-108(a) provides:

The rights and remedies granted to an employee subject to this chapter, on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, **shall exclude all other rights and remedies of the employee**, the employee's personal representative, dependents or next of kin, at common law or otherwise, on account of the injury or death.
(emphasis added)

Tennessee Workers' Compensation Law provides an "exclusive remedy for an employee who is injured during the scope of his employment, meaning an employee is precluded from seeking tort damages for the injury." *Young v. United Parcel Service, Inc.*, 992 F. Supp. 2d 817, 839-40 (M.D. Tenn. Jan. 16, 2015). Tennessee law allows for an exception for intentional torts committed by an employer against an employee that give rise to a common law action for damages. *Coffey v. Foamex L.P.*, 2 F.3d 157, 160 (6th Cir. 1993); *see also Cooper v. Queen*, 586 S.W. 830, 832-34 (Tenn. App. 1979). In order to avoid the exclusive remedy provisions of T.C.A. § 50-6-108(a), an employer must have actual intent to injure the employee. *Leu v. Embraer Aircraft Maintenance Service, Inc.*, 2011 WL 1337405 at *7 (M.D. Tenn. Apr. 7, 2011).

Plaintiff's Response did not address the exclusive remedy provision under the Tennessee Workers' Compensation Law, therefore the Court must determine whether the allegations of the Complaint state a claim for relief. Because Plaintiff's claim is for negligence and there was no intent on the part of the Defendant, the Court finds applicable the exclusivity under T.C.A. §50-6-

108(a) that bars Plaintiff's cause of action for negligent infliction of emotional distress. Consequently, the Court need not consider whether Plaintiff alleged sufficient factual support for his claim of negligent infliction of emotional distress.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint fails to state a claim in which relief can be granted. The Court **GRANTS** Defendant's Motion to Dismiss.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE